Case 4:22-cv-01684   Document 33   Filed on 02/07/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
February 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALL ABOUT PROPERTY, LLC, § | |
| § | |
| *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:22-cv-01684 |
| § | |
| MIDLAND MORTGAGE, *et al*, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the Court is defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss (Doc. No. 7) and defendant CitiMortgage, Inc.'s ("CitiMortgage") Motion to Dismiss (Doc. No. 29). Plaintiff All About Property, LLC ("Plaintiff") responded in opposition to each Motion separately (Doc. Nos. 12, 30), and MERS and CitiMortgage replied (Doc. Nos. 14, 32). Having considered the motions, the parties' briefs, and the applicable law, the Court hereby **GRANTS** both Motions to Dismiss.

### I.  Background

This dispute concerns the foreclosure of a property. Plaintiff is suing MERS, a corporation that tracks owners and servicers of mortgage loans; and CitiMortgage and Midland Mortgage ("Midland"), which are both mortgage lenders. (Doc. No. 1-4 at 2-3).

In May 2009, Christopher and Karin Blair (collectively, "Blairs") received a mortgage loan on the property from Iwayloan, LP ("Iwayloan"), which was memorialized in a note and deed of trust. (*Id.* at 4). In the deed of trust, MERS was listed as the beneficiary. (*Id.*). The property is located at 14618 Tab Lane, Houston, Texas 77070 and is a part of the Hunters Valley Homeowners Association ("HOA"). (*Id.*).

Since execution of the note and deed of trust, there have been two recorded loan assignments on file with the Harris County Clerk associated with the property in question. The first took place on October 1, 2014. That assignment states that MERS, as nominee for Iwayloan, assigned the note and its rights under the deed of trust to CitiMortgage ("October 2014 assignment"). (Doc. No. 1-4 at 42). The second assignment took place on October 26, 2015. This second assignment states that CitiMortgage assigned the note and deed of trust to Midland ("October 2015 assignment"). (Doc. No. 1-4 at 44). Midland, by way of assignment, is the current beneficiary under the deed of trust.

Over time, the Blairs apparently failed to pay their HOA dues and/or assessments and failed to repay Midland on the note covering the property. In August 2021, an order of foreclosure sale was issued against the Blairs out of the 165th Judicial District Court of Harris County, Texas for failure to pay the HOA dues and/or assessments. On November 2, 2021, Plaintiff purchased the property at the HOA foreclosure sale with a bid of $102,000 subject to the property's loan agreement. On November 5, 2021, counsel for the HOA filed an affidavit stating that a notice was sent on November 3, 2021 to Midland of its right to redeem the property. Subsequently, Midland sent notice of its intent to foreclose its deed of trust lien through a foreclosure sale set for May of 2022.

Plaintiff originally filed this lawsuit and was granted a temporary restraining order ("TRO") in state court to stop the foreclosure sale of the property by the first mortgage lienholder, Midland. (Doc. No. 7 at 3). Plaintiff alleges that all three Defendants lack standing to foreclose the deed of trust and that Plaintiff has been denied the right to pay off the senior indebtedness held by Midland. Plaintiff brings three causes of action: (1) a claim for declaratory relief (2) a claim to

quiet title, and (3) a claim based upon Plaintiff's equitable right of redemption. Defendants MERS and Midland removed the case to this Court. (Doc. No. 1).

Defendants MERS and CitiMortgage filed separate Motions to Dismiss. (Doc. Nos. 7, 29). The Court considers the motions together because the claims and arguments involving both MERS and CitiMortgage and the subsequent responses and replies are essentially identical. In both motions, the Defendants move to dismiss Plaintiff's claims against them in their entirety. (*Id.*). Specifically, MERS and CitiMortgage contend that neither have a present interest in the mortgage note or the deed of trust securing the loan, and no interest in the underlying real property, so Plaintiff's claims against them fail to state a claim upon which relief may be granted. Plaintiff responded in opposition (Doc. Nos. 12, 30) and MERS and CitiMortgage replied (Doc. Nos. 14, 32).

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

To determine whether to grant a Rule 12(b)(6) motion, a court may look only to allegations in a complaint to determine their sufficiency. *Santerre v. Agip Petroleum Co., Inc.*, 45 F.Supp.2d 558, 568 (S.D. Tex. 1999); *Atwater Partners of Texas LLC v. AT & T, Inc.*, 2011 WL 1004880 (E.D. Tex. 2011). A court may, however, also consider matters outside the four corners of a complaint if they are incorporated by reference, items subject to judicial notice, matters of public record, orders, items appearing in the record of a case, and exhibits attached to a complaint whose authenticity is unquestioned. *See Chawla v. Shell Oil Co.*, 75 F.Supp.2d 626, 633 (S.D. Tex. 1999); *Brock v. Baskin-Robbins USA Co.*, 113 F.Supp.2d 1078, 1092 (E.D. Tex. 2000) (at motion to dismiss for failure to state a claim, a court may consider an indisputably authentic document that is attached as an exhibit, if plaintiff's claims are based on the document).

### III. Analysis

#### A. Plaintiff's Declaratory Judgment Claims

In their Motions to Dismiss, MERS and CitiMortgage argue that Plaintiff's declaratory judgment claims fail because it lacks standing to challenge the assignments. Specifically, MERS and CitiMortgage contend that Plaintiff was not the homeowner at the time or the person or entity responsible for paying the note. It was not a party to either the October 2014 or the October 2015

4

assignment. Therefore, Plaintiff has failed to plead enough facts to support its argument that the assignments are invalid. Furthermore, since both Defendants do not have a current interest in the property—and have not had one since their respective assignments in 2014 and 2015 and neither are asserting claims on the property—they argue that Plaintiff's claims against them should be dismissed because Plaintiff has failed to establish a live case or controversy against them.

"In a declaratory judgment action, the controversy between the parties relates to the underlying cause of action of the defendant against the plaintiff." *Capital One v. Swisher-35, Ltd.*, 2008 WL 4274499 (N.D. Tex. Sept. 17, 2008) (quoting *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). Thus, a plaintiff may only be granted relief where a justiciable controversy exists between the parties and must allege a "substantial and continuing controversy." *See Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003).

To establish a "substantial and continuing controversy," a plaintiff must show standing. A homeowner has standing to challenge an assignment of a deed of trust that would render the assignment void. *EverBank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 542 (Tex. App.—Houston [14th Dist.] 2016, no pet). A plaintiff who is not a party to an assignment of a deed of trust, however, lacks standing to challenge the assignment on grounds which render it merely voidable at the election of one of the parties. *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, no pet). Thus, to establish standing to challenge the validity of an assignment to which they are not a party, a homeowner must allege facts showing the assignment is void, not merely voidable. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

1. MERS

Plaintiff pleads that it has standing to contest the October 2014 assignment and that it is void, not merely voidable, by arguing that: (1) under Texas law, it has standing, as a homeowner, to challenge whether there is a complete chain of assignments; and (2) MERS was an invalid nominee by failing to identify or name the principal in the assignment. (Doc. No. 1-4 at 7). In its Complaint, Plaintiff pleads no additional facts to support these allegations. The remaining allegations Plaintiff advances are conclusory or cabined in Plaintiff's Response in opposition, which the Court is not permitted to consider with the presumption of truth.

As an initial matter, the authority upon which Plaintiff relies and claims provides him standing to challenge the assignment contradicts the very argument Plaintiff is attempting to make. A homeowner may have standing to challenge whether there is a complete chain of assignments, it "does not necessarily have the right to challenge an individual assignment within that chain." *EverBank*, 499 S.W.3d at 539. That is precisely what Plaintiff is attempting to do by arguing that MERS fails to name a principal in its assignment to CitiMortgage.

Second, Plaintiff is not a party to the October 2014 assignment. According to the October 2014 assignment—which Plaintiff attached to its Petition—the only parties to the assignment were the Blairs, as the original borrowers; the original lender, Iwayloan; MERS, the original beneficiary and assignor; and CitiMortgage, the assignee. (*Id.*). Plaintiff is not the borrower on the assignment or in privity of contract with the borrower. *See Singha v. BAC Home Loans Servicing,* LP, 2014 WL 1492301 at *3 (5th Cir. Apr. 17, 2014) (holding that the plaintiffs had no standing to challenge the assignment because it does not clearly appear they were intended to be third party beneficiaries of it); *Golden v. Wells Fargo Bank, N.A.*, 557 Fed.App'x 323, 326 (5th Cir. 2014) (holding that borrowers lacked standing to challenge MERS' authority to execute assignment on behalf of a

6

bankrupt lender and finding that only assignor would have standing to raise such a challenge). Thus, since Plaintiff is not a party to the assignment, it must plead facts that render the assignment void, rather than voidable.

Plaintiff fails to meet its burden to plead facts that make the assignment void. Moreover, it lacks standing to challenge the October 2014 assignment. In its Petition, Plaintiff attempts to argue that the assignment is void by pleading that "MERS did not act as a valid nominee in the 2014 Assignment since MERS' did not reveal the identity of its principal." Plaintiff provides no additional facts or context within its Petition for this allegation. It appears Plaintiff is suggesting that the principal of the original deed of trust, Iwayloan, was required to convey the right to assign to MERS—and since Iwayloan was allegedly not named and did not do so in the October 2014 assignment, the assignment is invalid.

Plaintiff's argument does not have any basis in law or fact. The terms of the October 2014 assignment plainly contradict Plaintiff's arguments. The assignment states, "[MERS] as nominee for Iwayloan, LP its successors and assigns … does hereby grant, assign, and transfer … all rights accrued and to accrue …" (Doc. No. 1-4 at 42). Despite Plaintiff's insistence that the assignment does not "name the principal," the plain text of the assignment makes it clear that MERS was acting as nominee on behalf of the original lender, Iwayloan, who is the principal Plaintiff is referring to. Therefore, contrary to Plaintiff's arguments, Iwayloan is clearly named in the October 2014 assignment. Moreover, since MERS was already listed as the original beneficiary under the original deed of trust for Iwayloan, there was no need for Iwayloan to make an additional conveyance to MERS for MERS to validly assign its rights to CitiMortgage. MERS, as the named, original beneficiary, was permitted to assign the deed of trust on its own behalf. Moreover, MERS' right to assign a deed of trust under which it is named a beneficiary has been repeatedly upheld by

the Fifth Circuit in similar challenges. *See Blair v. Deutsche Bank Nat'l Trust Co.*, 609 Fed.Appx. 767, 769 (5th Cir. 2015) (noting that the Fifth Circuit has repeatedly upheld MERS' ability to assign mortgages to other entities because MERS qualifies as a mortgagee under Texas law) (citing *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 Fed. Appx. 279, 282 (5th Cir. 2014) (citing *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013))).

Thus, contrary to Plaintiff's arguments, MERS validly executed the October 2014 assignment and assigned its interest in the property to CitiMortgage. MERS did not require Iwayloan's permission to do so and Plaintiff offers no authority in support of this theory. *See Campbell v. Mortgage Elec. Registration Sys., Inc.*, 20012 WL 1839357 (Tex. App.—City May 18, 2012) (holding that MERS had authority to transfer its rights and interests under the original deed of trust to Wells Fargo, and in doing so, Wells Fargo obtained all MERS' rights and interests under the deed of trust, including the power to foreclose on the property); *Deutsche Bank Nat'l v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018) ("No one disputes that MERS had the authority to assign its beneficiary rights and that its dual role as beneficiary and nominee under the deed of trust is permissible"). Furthermore, the October 2014 assignment was properly recorded and registered with the Harris County Clerk's office. Plaintiff clearly had no issues obtaining the assignment record, since it attached the October 2014 assignment to its original Petition. (Doc. No. 1-4 at 42). MERS does not have a present interest in the property, is not presently seeking foreclosure of the property, and is not seeking to enforce the power of sale in the deed of trust. Thus, there is no live controversy between Plaintiff and MERS. Accordingly, Plaintiff's declaratory judgment and other claims as to MERS must be dismissed for failure to state a claim upon which relief can be granted.

### 2. CitiMortgage

The facts Plaintiff pleads in its Complaint regarding CitiMortgage are scant at best. Nevertheless, Plaintiff appears to challenge the validity of October 2015 assignment to which CitiMortgage was a party. The only mention of CitiMortgage in Plaintiff's Complaint is CitiMortgage's involvement as an assignee in the October 2014 assignment and the assignor in the October 2015 assignment. (Doc. No. 1-4 at 6,). No additional facts pertaining to CitiMortgage specifically are pled.

The Court finds, as it did above, that Plaintiff's declaratory judgment claims and challenge to the October 2015 assignment is without basis in fact or law. First, for the reasons enumerated above for MERS, Plaintiff likewise does not have standing to challenge the October 2015 assignment. Plaintiff has not pled any facts to suggest that the October 2015 assignment is void. Plaintiff was not a party to the assignment—only the Blairs, as borrowers, CitiMortgage, as assignor, and Midland, as assignee, were.

Second, Plaintiff's declaratory judgment claims fail because it has failed to establish a case or controversy against CitiMortgage. Following the October 2015 assignment, CitiMortgage has no rights in the property and has not had an interest in the property since October 26, 2015. Moreover, CitiMortgage has not claimed an interest in the property and has repeatedly noted that it has no interest or right to do so in its Motion to Dismiss. (*See* Doc. No. 29). Plaintiff has pled no facts to suggest otherwise. Thus, since CitiMortgage properly conveyed its interest to Midland, the current lienholder, and no longer has any interest in the property of its own, there is no case or controversy between Plaintiff and CitiMortgage.

Given that Plaintiff has failed to show that it has standing to challenge the underlying October 2015 assignment and has failed to establish a live case or controversy against

9

CitiMortgage, Plaintiff has failed to state a claim upon which relief can be granted and its declaratory judgment claims against CitiMortgage must be dismissed.

### B. Quiet Title

Plaintiff requests that this Court provide a judgment to quiet title and to "void all documents on file indicating any interest" that either MERS and CitiMortgage allegedly possess in the property. To prevail in a suit to quiet title, the plaintiff must prove: (1) it has an interest in a specific property; (2) that the defendant has asserted a 'cloud' on his property—meaning an outstanding claim or encumbrance, if valid, would impair or affect the property owner's title; and (3) defendant's claim or encumbrance is invalid. *Warren v. Bank of Am., N.A.*, 566 F.App'x 379, 382 (5th Cir. 2014).

The Court does not find that Plaintiff is entitled to quiet title as to MERS or CitiMortgage. Although Plaintiff satisfies the first prong of the quiet title analysis because it purchased the property from the HOA foreclosure sale, it fails to plead the remaining elements. Plaintiff states in its Complaint that "[MERS and CitiMortgage each] wrongly claim a secured monetary interest and estate in the [p]roperty that is adverse to Plaintiff's ownership interest." (Doc. No. 1-4 at 7). Plaintiff has failed to plead any other facts supporting that MERS or CitiMortgage have made adverse claims to Plaintiff's title. In fact, Plaintiff's Complaint shows the exact opposite. Plaintiff attached both the October 2014 and October 2015 assignment documents to its Petition, and both of these assignments clearly reflect that MERS and CitiMortgage assigned all rights, interests, and title to the deed of trust encumbering the property years ago. Thus, no 'cloud' or outstanding claim or encumbrance from MERS or CitiMortgage impairs or affects Plaintiff's title, so Plaintiff has failed to state a quiet title claim for which relief may be granted.

## C. Equitable Right of Redemption

Alternatively, Plaintiff pleads a claim for equitable right of redemption as to MERS and CitiMortgage. In Texas, the right of redemption is only available for specific kinds of foreclosure actions such as foreclosures of property owners association assessment liens. To properly state a claim for equitable right of redemption, a plaintiff must show he (1) has an equitable or legal right to the property; (2) based on that interest in the property, would suffer a loss from foreclosure; and (3) "is ready, able, or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties [are] subject." *Fisher v. Wells Fargo Bank, N.A.*, 2017 WL 3225491 at *2 (N.D. Tex. July 12, 2017) (quoting *Houston v. Shear*, 210 S.W. 976, 981 (Tex. App.—Austin 1919, writ dism'd).

The Court does not find that Plaintiff's claim for equitable right of redemption survives Defendants' Motions to Dismiss. As discussed previously, neither MERS nor CitiMortgage have anything for Plaintiff to redeem. MERS and CitiMortgage do not have interests in the property and have not since their respective assignments in 2014 and 2015. They are not foreclosing on the property and are not current beneficiaries of the deed of trust. They have both acknowledged they have no interest in the property. Even if Plaintiff has expressed a willingness to redeem the property, there is nothing to redeem as far is it concerns MERS and CitiMortgage. Moreover, Plaintiff does not offer sufficient facts to support its claim for equitable redemption and alleges no facts that demonstrate its ability to pay, nor does it assert facts that reveal the amount owed or any amount tendered thus far. A conclusory statement that Plaintiff is "ready, able or willing to redeem the Property in controversy by paying off the amount of any valid and subsisting liens to which the property is subject" is not enough to raise the right to relief. (Doc. No. 1-4 at 9); *see Fisher*,

11

2017 WL 3225491 at *2. Thus, Plaintiff's claims for equitable right of redemption must be dismissed for failure to state a claim upon which relief may be granted.

### D. Claims for Injunctive Relief

Plaintiff seeks injunctive relief to preclude MERS and CitiMortgage from foreclosing on the property. A request for injunctive relief, however, is not a cause of action itself, but is dependent on an underlying cause of action. *Johnson v. Wells Fargo Bank, NA*, 999 F.Supp.2d 919, 935 (N.D. Tex. 2014). Given that Plaintiff has failed to assert a viable cause of action against either MERS or CitiMortgage and neither Defendant has the authority to foreclose on the property or has a desire to do so, Plaintiff is not entitled to injunctive relief.

### IV. Conclusion

For the foregoing, the Court hereby **GRANTS** both Motions to Dismiss (Doc. Nos. 7, 29). Plaintiff's claims against MERS and CitiMortgage are hereby **DISMISSED** with prejudice.

Signed at Houston, Texas, this 7th day of February, 2023.

Andrew S. Hanen
United States District Judge