Case 4:22-cv-01684   Document 56   Filed on 07/09/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 09, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALL ABOUT PROPERTY, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-1684 |
| | § | |
| MIDLAND MORTGAGE, *a division of* | § | |
| *MidFirst Bank,* | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

This Court previously ordered Plaintiff All About Property, LLC ("Plaintiff") to show cause as to whether diversity jurisdiction exists. (Doc. No. 54). Plaintiff proffered the affidavit of Ramesh Arumugam, who swears that the following facts are true and correct:

- CH2 Holdings, LP is the sole member of Plaintiff.

- Ramesh Arumugam, an individual, and CH2 Management, Inc., a corporation, are the only partners of CH2 Holdings, LP.

- Ramesh Arumugam is a citizen of the State of Texas.

- CH2 Management, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Texas.

(Doc. No. 55-1). Plaintiff also provided a screenshot from the Delaware Department of State's website that shows that CH2 Management, Inc. is incorporated under the laws of the State of Delaware. (Doc. No. 55-2). Nevertheless, Plaintiff failed to proffer the underlying facts to support its legal conclusion that CH2 Management, Inc.'s principal place of business is in Texas. The Fifth Circuit has already determined that Plaintiff's "bare assertion that CH2 Management, Inc.'s principal place of business is in Texas" is insufficient. *All About Prop., L.L.C. v. Midland Mortg.*, No. 24-20092, 2025 WL 1380066, at *3 (5th Cir. May 13, 2025). Plaintiff also failed to provide any underlying facts to supports its legal conclusion that Ramesh Arumugam is a citizen of Texas.

As such, Plaintiff is hereby ORDERED to provide additional evidence to support its legal conclusions as to the citizenships of CH2 Management, Inc. and Ramesh Arumugam. For CH2 Management, Inc., this means that Plaintiff must provide evidence of where the "corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). For Ramesh Arumugam, Plaintiff must provide evidence that he was physically present in the state of Texas with an intent to remain indefinitely at the time the suit was filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Plaintiff must provide such evidence within **fourteen days** from the date of this Order. Defendant Midland Mortgage may respond, if it so chooses, **within seven days** of Plaintiff's filing of such evidence.

Signed at Houston, Texas, this 9th day of July, 2025.

Andrew S. Hanen
United States District Judge